

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-50115 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00347-JFW-1 |
| v. | |
| DANIEL ESTUARDO RIVERA, AKA Rafael Garcia Castillo, AKA Daniel E. Rivera, AKA Daniel Estaurdo Castillo Rivera, AKA Daniel Esturdor Rivera, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted July 13, 2017
Pasadena, California

Before:  REINHARDT, FERNANDEZ, and WARDLAW, Circuit Judges.

Daniel Rivera appeals his conviction for illegal reentry under 8 U.S.C.

§ 1326(a), (b)(2).  He argues that the district court erred in failing to dismiss the

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

indictment under 8 U.S.C. § 1326(d) because he was denied due process in the underlying removal proceedings. We agree, and reverse.

An illegal reentry indictment must be dismissed if (among other requirements not disputed in this case) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d)(3). A removal order is fundamentally unfair if "(1) a defendant's due process rights were violated by defects in [his] underlying deportation proceeding, and (2) [he] suffered prejudice as a result of the defects." *United States v. Cisneros-Rodriguez*, 813 F.3d 748, 756 (9th Cir. 2015). The parties agree that Rivera was plausibly eligible for withholding of removal and Convention Against Torture (CAT) relief at the time of his removal proceeding. The only questions before us are whether Rivera's due process rights were violated during the removal proceeding and whether any such violation caused him to not pursue withholding or CAT relief.

Due process requires that an Immigration Judge (IJ) "inform an alien of his or her ability to apply for relief from removal." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004). "[F]ailure to so inform the alien . . . is a denial of due process that invalidates the underlying deportation proceeding." *Id.* (internal quotations omitted). Merely asking whether an alien wants to apply for certain relief is not sufficient. In addition, "the IJ must adequately explain the

2

hearing procedures to the alien." *Agyeman v. I.N.S.*, 296 F.3d 871, 877 (9th Cir. 2002). The IJ's obligations are heightened when a noncitizen appears pro se, because such individuals "often lack the legal knowledge to navigate their way successfully through the morass of immigration law, and because their failure to do so successfully might result in their expulsion from this country." *Id.*

Rivera was detained during his removal proceedings and appeared without the assistance of counsel. At the time of the removal proceeding, Rivera had an affirmative asylum petition that had been pending, without government action, for more than five years. He informed the IJ about his prior application and asserted that it contained the facts necessary to establish his eligibility for relief.

The IJ never asked Rivera if he wanted to pursue his existing application for relief, nor did she ask if Rivera wanted to withdraw that application. Instead, the IJ interrupted Rivera's explanation and asked if he wanted to file *another* application. When Rivera declined to do so, the IJ proceeded to find Rivera removable. Even when Rivera subsequently asked, "[S]o what can I do?" and indicated he wanted to appeal "because I got my family right here," the IJ never informed Rivera that adjudicating his existing application was an option. Nor did the IJ explain to Rivera that an application for asylum during a removal proceeding would be processed significantly faster than an affirmative application.

3

Rivera's actions at the removal hearing clearly indicated his confusion. He demonstrated a desire to stay in the United States—first by asking for a lower bond, then by asking what he could do to remain, and finally by indicating a desire to appeal. And yet he declined to apply for the only form of relief that would enable him to remain. These confusing actions put the IJ on notice that Rivera was lost in "the morass of immigration law." *Agyeman*, 296 F.3d at 877. The IJ was also on notice that Rivera had an already-pending asylum application and that his reasons for not applying for relief were based on concerns about delay. Nevertheless, the IJ did not adjudicate Rivera's pending application or explain that a new application would be processed quickly. These failures violated Rivera's due process rights, particularly in light of his pro se status.

In the context of this case, we conclude that the IJ's failure to more fully explain the proceedings caused Rivera not to seek the relief for which he was plausibly eligible. Rivera's concern—repeated several times—was the indefinite further delay he believed would be occasioned by filing a new application. That belief was reasonable (based on the interminable delay he had already experienced) and a significant concern (given the government's decision to detain him during the proceedings). If the IJ had either adjudicated Rivera's pending application or

4

explained that a new application would be processed quickly, Rivera would undoubtedly have sought and plausibly obtained relief from removal.

Rivera has demonstrated that his underlying removal proceeding was fundamentally unfair, and that the unfairness caused him not to seek relief from removal for which the government concedes he was plausibly eligible. Accordingly, the district court erred by failing to dismiss the indictment.

The judgment of the district court is reversed and the case remanded with instructions to dismiss the indictment.

**REVERSED and REMANDED.**

FILED

JUL 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<u>United States v. Rivera</u>, No. 16-50115

FERNANDEZ, Circuit Judge, dissenting

     The Immigration Judge (IJ) was required to make Rivera "'aware that he [had] a right to seek relief,'" and to provide him "with the opportunity to apply for relief." *United States v. Melendez-Castro*, 671 F.3d 950, 954 (9th Cir. 2012) (per curiam). Here the IJ did just that. However, Rivera asserted that he did not wish to apply, but wanted to be "deported now." He did not say that he was concerned about indefinite further delay, and he still has not testified or otherwise sworn that he was. In my view, his hearing did not violate due process. Thus, I respectfully dissent.